**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**BENNIE KYLE,**

    **Petitioner,**

v.                                  **Civil Action No. 1:17CV29**
                                  **Criminal Action No. 1:15CR107**
                                        **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 MOTION**
**AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],**
**DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL**
**[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

Pending is a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and a writ for habeas corpus filed by the petitioner, Bennie Kyle ("Kyle") (Dkt. No. 1).[1] For the reasons that follow, the Court **DENIES** Kyle's § 2255 motion and his self-styled "writ for habeas corpus" (Dkt. Nos. 1, 20), **DENIES AS MOOT** his motions to appoint counsel (Dkt. Nos. 19, 21), and **DISMISSES** this case **WITH PREJUDICE**.

**I. BACKGROUND**

In March 2016, Kyle pleaded guilty to distribution of cocaine base, also known as "crack," within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860 (Case No. 1:15CR107, Dkt. Nos. 18, 19). In July 2016, the Court

---

[1] Unless otherwise noted, all docket numbers refer to Civil Action No. 1:17CV29.

**KYLE V. UNITED STATES** 1:17CV29
1:15CR107

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 MOTION
AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],
DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL
[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

sentenced him to 27 months of incarceration followed by six years of supervised release (Case No. 1:15CR107, Dkt. Nos. 23, 26). His conviction and sentence were later affirmed on appeal (Case No. 1:15CR107, Dkt. Nos. 49, 50). In March 2017, Kyle filed the instant pro se motion to vacate sentence under 28 U.S.C. § 2255, which he later refiled on the court-approved form (Dkt. Nos. 1, 5).[2] Since then, Kyle has filed two motions to appoint counsel (Dkt. Nos. 19, 21) and a writ of habeas corpus (Dkt. Nos. 20). These motions are now ripe for disposition.

## II. APPLICABLE LAW

Title 28 U.S.C. § 2255(a) permits federal prisoners, who are in custody, to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

---

[2] Although Kyle previously filed a § 2255 motion in July 2016, that motion was dismissed as premature because his case was still pending on appeal (Dkt. No. 44). Because that first-in-time 2255 motion was not adjudicated on the merits, the instant § 2255 motion is not second or successive.

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 MOTION
AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],
DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL
[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III. DISCUSSION

**A.   Ineffective Assistance of Counsel**

Kyle contends that his counsel was constitutionally ineffective because she failed (1) to admit into evidence her contemporaneous notes of his debriefing interview with the Government and (2) to withdraw from her representation in order to testify on his behalf and corroborate his story at sentencing (Dkt. No. 5 at 5-6).

To succeed on an ineffective-assistance-of-counsel claim, the "petitioner must show, by a preponderance of the evidence, that (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" Beyle v. United States, 269 F. Supp. 3d 716, 726 (E.D. Va. 2017) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)); see also Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (holding that "the two-part [Strickland standard] applies to challenges to guilty pleas based on

**KYLE V. UNITED STATES**  1:17CV29
1:15CR107

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 MOTION
AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],
DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL
[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

ineffective assistance of counsel").

To satisfy the first prong, a petitioner must show that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687–88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id.

To satisfy the second prong, in the context of guilty pleas, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. "The Petitioner must 'satisfy both prongs, and a failure of proof on

4

**KYLE V. UNITED STATES**  1:17CV29
 1:15CR107

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 MOTION
AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],
DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL
[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

either prong ends the matter.'" Beyle, 269 F. Supp. 3d at 726 (quoting United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004)).

Here, Kyle fails to satisfy either of the Strickland prongs. First, he has not rebutted the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Strickland, 466 U.S. at 689. Although he insists, as he did at sentencing, that his counsel had notes that corroborated his version of his debriefing interview with the Government, and that his counsel should have withdrawn from the representation to further corroborate his story, Kyle's Sixth Amendment right to counsel was not violated when his attorney did not cooperate with his planned perjury. Nix v. Whitehead, 475 U.S. 157, 173 (1986) ("[T]he right to counsel includes no right to have a lawyer who will cooperate with planned perjury."). Indeed, "[a] lawyer who would so cooperate would be at risk of prosecution for suborning perjury, and disciplinary proceedings, including suspension or disbarment." Id.

At sentencing, the Court determined that Kyle was being

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 MOTION
AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],
DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL
[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

untruthful, and arguably obstructing justice, when he testified under oath that he sold only prescription drugs and did not have any first-hand knowledge of a criminal enterprise run by Claude Jones and his associates, including drugs they sold or firearms they carried (Case No. 1:15CR107, Dkt. No. 35 at 33-37). Kyle's testimony at sentencing was contradicted by sworn testimony from two officers who included detailed information that Kyle provided during his post-plea debriefing, and testified about how Kyle later recanted this information before Claude Jones's trial. Id. at 16-32. "On this record, [Kyle] enjoyed continued representation within the bounds of reasonable professional conduct and did in fact exercise his right to testify . . . ." Nix, 475 U.S. at 174. "Since there has been no breach of any recognized professional duty, it follows that there can be no deprivation of the right to assistance of counsel under the Strickland standard." Id. at 175.

Second, even if his counsel was constitutionally ineffective, Kyle has failed to allege (Dkt. Nos. 1, 5, 12, 13, 14)——let alone establish——that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

**KYLE V. UNITED STATES**                                    1:17CV29
                                                             1:15CR107

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 MOTION
AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],
DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL
[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

insisted on going to trial." Hill, 474 U.S. at 59. Therefore, Kyle has failed to demonstrate prejudice under the second Strickland prong.

**B.   Advanced Age & Health Issues**

Kyle also moves the Court to reduce his sentence in light of his advanced age and related health issues (Dkt. Nos. 1, 12, 12-2, 13, 20). The Court liberally construes these documents as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (2018). Because Kyle has already completed his term of imprisonment, the Court denies this motion as moot.

**C.   Minor Drug Charge**

Kyle next moves the Court to reduce his sentence because his conviction was a minor drug crime (Dkt. Nos. 1, 13). This reason, however, would not support a modification of his term of imprisonment because it does not fall into one of the exceptions outlined in § 3582(c). In addition, this motion is moot because Kyle has already completed his term of imprisonment.

**D.   Completion of a Drug Program**

Kyle further moves the Court to reduce his sentence because,

7

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 MOTION
AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],
DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL
[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

although he successfully completed a residential drug abuse program, the BOP only reduced his sentence by four months, which he contends is unfair (Dkt. Nos. 1, 13, 14). Under 18 U.S.C. § 3621(e)(2)(B), the BOP may reduce a prisoner's sentence by no more than one year if the prisoner successfully completes a treatment program. But this section "does not mandate such a reduction . . . ." Wade v. Baltazar, No. 3:17-2327, 2019 WL 4386741, at *4 (M.D. Pa. Sept. 12, 2019). Consequently, any sentence reduction under § 3621(e)(2)(B) is within the sole discretion of the BOP. See Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998) (stating that § 3621 (e)(2)(B) "allows a decisionmaker to deny the requested relief within its unfettered discretion"). In any event, Kyle's motion for a sentence reduction under § 3621 is moot because he has completed his term of imprisonment.

**E.  Writ of Habeas Corpus**

Finally, Kyle's self-styled writ of habeas corpus asks the Court to release him from "parole" (Dkt. No. 20), which the Court liberally construes as a pro se motion for early termination of supervised release.

**KYLE V. UNITED STATES** 1:17CV29
1:15CR107

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 MOTION
AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],
DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL
[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

Pursuant to 18 U.S.C. § 3583, after it considers the statutory factors set forth in 18 U.S.C. § 3553, a court may terminate a term of supervised release after the expiration of one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Although the statute requires a "conduct-based inquiry into the continued necessity for supervision . . . [t]he phrase 'in the interest of justice' give[s] the district court latitude to consider a broad range of factors in addition to an individual's behavior." United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999). In other words, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." Id. at 283 (emphasis added).

Here, Kyle has served close to two years of his six-year term of supervised release and is thus eligible for consideration under § 3583(e)(1). Nonetheless, after considering the § 3553(a) factors, including Kyle's criminal history, the Court is not convinced that early termination would be in the interest of justice at this time. Therefore, finding it premature to grant Kyle an early termination,

9

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 MOTION
AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],
DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL
[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

the Court denies his motion (Dkt. No. 20). The Court will, however, consider a renewed motion for early termination after Kyle successfully completes three years of supervised release.

### IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Kyle's § 2255 motion and his self-styled writ for habeas corpus (Dkt. Nos. 1, 20), **DENIES AS MOOT** his motions to appoint counsel (Dkt. Nos. 19, 21), and **DISMISSES** this case **WITH PREJUDICE**.

### V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Kyle has not made a "substantial showing of the denial of a constitutional right." See

**KYLE V. UNITED STATES**  1:17CV29
  1:15CR107

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 MOTION
AND WRIT FOR HABEAS CORPUS [DKT. NOS. 1, 20],
DENYING AS MOOT HIS MOTIONS TO APPOINT COUNSEL
[DKT. NOS. 19, 21], AND DISMISSING THIS CASE WITH PREJUDICE**

28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Kyle has failed to make the requisite showing and, therefore, **DENIES** a certificate of appealability.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit copies of both orders to Kyle by certified mail, return receipt requested, and to counsel of record by electronic means, and to strike this case from the Court's active docket.

DATED: February 14, 2020

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE